UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANAN VARGHESE JACOB et al., | ) |
| Plaintiffs, | ) ) ) ) |
| v. | ) Case No. 21-cv-1874 (APM) |
| JOSEPH R. BIDEN et al., | ) ) ) ) |
| Defendants. | ) ) |

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter was transferred from the Northern District of California with two pending motions: (1) Plaintiffs' Second Renewed Motion for Class Certification, ECF No. 101, and (2) Plaintiffs' Renewed Motion for Preliminary Injunction, ECF No. 102. Defendants have opposed both motions, arguing, among other things, that Plaintiffs lack standing. *See* Defs.' Opp'n to Pls.' Renewed Mot. for Class Certification, ECF No. 106, at 6–7; Defs.' Opp'n to Pls.' Renewed Mot. for Prelim. Injunctive Relief, ECF No. 107, at 15.

Plaintiffs bear the burden of establishing standing, and "[e]ach element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (internal quotation marks omitted). "[A] party who seeks a preliminary injunction must show a substantial likelihood of standing." *Food & Water Watch, Inc. v. Vilsack*, 808 F.3d 905, 913 (D.C. Cir. 2015) (internal quotation marks omitted). The court applies "the heightened standard for evaluating a motion for summary judgment" at the preliminary injunction stage, which means "the plaintiff cannot rest on mere allegations, but must

set forth by affidavit or other evidence specific facts that, if taken to be true, demonstrate a substantial likelihood of standing." *Elec. Privacy Info. Ctr. v. Presidential Advisory Comm'n on Election Integrity*, 878 F.3d 371, 377 (D.C. Cir. 2017) (alteration omitted) (internal quotation marks omitted). In addition, because "standing is not dispensed in gross," Plaintiffs must identify specific Plaintiffs who have standing. *Town of Chester v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1650 (2017) (internal quotation marks omitted).

Plaintiffs' motion for preliminary injunction fails because they have not presented any "affidavit[s] or other evidence," *Elec. Privacy Info. Ctr.*, 878 F.3d at 377, supporting their claims of standing. In fact, Plaintiffs cite exclusively to the Second Amended Complaint in the portion of their preliminary injunction briefing that purports to establish standing. *See* Pls.' Notice of Mot. & Renewed Mot. for Prelim. Inj., ECF No. 102, Mem. in Supp. of Pls.' Renewed Mot. for Prelim. Inj., ECF No. 102-1, at 13–15. Indeed, *none* of the 39 exhibits attached to Plaintiffs' motion are affidavits or other factual evidence that would substantiate Plaintiffs' claims that Defendants have caused them to suffer a redressable injury. Plaintiffs' failure to bring forth such evidence is fatal to their motion. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (standing is "an indispensable part of the plaintiff's case").

The court recognizes that, prior to transferring this case to this court, Judge Chen of the Northern District of California found that Plaintiffs had standing at the motion to dismiss stage. *Jacob v. Biden*, No. 21-cv-261-EMC, 2021 WL 2333853, at *11–12 (N.D. Cal. June 8, 2021). Plaintiffs' burden to establish standing, however, increases at each "successive stage[] of the litigation." *Lujan*, 504 U.S. at 561. While "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice," Plaintiffs may "no longer rest on such 'mere allegations'" at the preliminary injunction stage. *Id.* at 561. Accordingly, Judge Chen's

2

decision on the motion to dismiss does not save Plaintiffs' claims under the heightened scrutiny applied to a motion for preliminary injunction, and Plaintiffs' motion for injunctive relief must be denied.

Finally, because Plaintiffs have failed to present any evidence of standing in connection with their motion for class certification, it too fails. *See Gomez v. Trump*, No. 20-cv-1419 (APM), 2020 WL 3429786, at *6 (D.D.C. June 23, 2020) ("[O]n a motion for class certification, a plaintiff must demonstrate jurisdiction through evidentiary proof." (internal quotation marks omitted)).

For the foregoing reasons, the court denies without prejudice Plaintiffs' Second Renewed Motion for Class Certification, ECF No. 101, and Plaintiffs' Renewed Motion for Preliminary Injunction, ECF No. 102.

Dated: September 3, 2021

Amit P. Mehta
United States District Court Judge